**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **TINA UMHENI,** | * |
| *Plaintiff,* | * |
| v. | *   Case No. RWT 15-cv-3827 |
| **TARGET CORPORATION** | * |
| *Defendant.* | * |

**MEMORANDUM OPINION**

On October 14, 2015, the Plaintiff, Tina Umheni ("Umheni"), filed a Complaint in the Circuit Court for Prince George's County, Maryland against Target Corporation ("Target") for claims arising out of Umheni's fall in one of Target's stores "when she stepped in a clear substance on the floor." ECF No. 2 at 2–6. Target removed the case to this Court on December 16, 2015. ECF No. 1.

On January 20, 2017, Target filed a case status report stating that it intended to file a Motion for Summary Judgment. ECF No. 33 at 1. Target then filed a Motion for Summary Judgment on February 24, 2017. ECF No. 34. To date, Umheni has not filed a Response, and the deadline to do so has long ago passed. Accordingly, Defendant's Motion is unopposed.[1]

Summary judgment is proper under Fed. R. Civ. P. Rule 56(a) if there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute of material

---

[1] This is not the first time that Plaintiff's Counsel has failed to respond to a motion. A Motion to Strike Plaintiff's Amended Complaint [ECF No. 24] was granted when no opposition was filed. ECF No. 31.

fact is genuine if the evidence would allow the trier of fact to return a verdict for the nonmoving party.  *Id.*  When considering a motion summary judgment, the court has "an affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323–24).  Thus, the Court may only rely on facts supported in the record, not assertions made in the pleading.  *Id.*  Moreover, the Court must view all facts and make all reasonable inferences in the light most favorable to the nonmoving party.  *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law'. . . Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 462 (D. Md. 2012) (citing and quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993)).

In order to prove a claim of negligence against a defendant in a slip and fall case, a plaintiff must show that the defendant owed the plaintiff a duty of care and that the defendant breached that duty.  A store owner has a duty to exercise reasonable care "'to protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997) (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).  "The burden is upon the customer to show that the proprietor. . . had actual or constructive knowledge that the dangerous condition existed." *Rehn v. Westfield Am.*, 153 Md.

App. 586, 593 (2003) (citing *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 232 (1965) (internal quotations omitted)).  Here, there is nothing in the record to suggest that Target had actual or constructive notice of—much less caused—the allegedly hazardous condition that caused Umheni's fall.  Even when the Court views all reasonable inferences in a light most favorable to Umheni, *see Zenith Radio Corp.*, 475 U.S. at 587, there are no material facts that are genuinely in dispute, entitling Target to judgment as a matter of law.  *See Celotex Corp.*, 477 U.S. at 322.  Accordingly, the uncontroverted facts in the record require the Court to find for Target on Count I.

In Count II, Umheni alleges that Target was negligent in hiring, training, and supervising the employees who maintained the premises.  ECF No. 2 at 6.  Umheni's Complaint, however, only contain bare assertions and legal conclusions.  She does not present material facts that genuinely dispute the facts outlined in Target's Motion.  Therefore, for this reason and those described in Target's Motion, the Court will also find for Target as to Count II.  *See* ECF No. 35 at 10–14; *see also Felty*, 818 F.2d at 1128 (requiring the court only rely on facts supported in the record when deciding a motion for summary judgment, not mere assertions made in the complaint).

Accordingly, the Court will grant summary judgment for the Defendant as to both counts.  A separate order follows.


Date:  March 30, 2017                              /s/
                                                ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE